UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JASON STREBECK                          CASE NO.  5:23-CV-00147

VERSUS                                  JUDGE DAVID C. JOSEPH

AMERICAN MODERN INSURANCE CO.    MAG. JUDGE KAYLA D. MCCLUSKY

REPORT & RECOMMENDATION

Pending before the undersigned Magistrate Judge, on reference from the District Court are two motions: (1) a motion to dismiss for lack of jurisdiction, lack of service, and failure to state a claim [doc. #8], filed by American Western Home Insurance Company ("American Western"); and (2) a motion to amend [doc. #20], by Plaintiff Jason Strebeck.  For reasons assigned below, Strebeck's motion to amend is GRANTED.[1]  Furthermore, IT IS RECOMMENDED that American Western's motion to dismiss [doc. #8] be DENIED.

Background

On August 19, 2022, Plaintiff Jason Strebeck filed a petition for damages against American Modern Insurance Company in the 11th Judicial District Court, Parish of Sabine, State of Louisiana.  [doc. #1].  Therein, Strebeck argues that American Modern Insurance Company provided him with a policy of insurance for property located at 10315 Highway 175 in Zwolle, Louisiana (the "Property").  *Id.*  Strebeck further alleges that the Property sustained significant wind and rain damage during Hurricanes Laura and Delta.  *Id.*  Strebeck further alleges that

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

payments made by American Modern Insurance Company were inadequate to cover the costs to repair the Property. *Id.* Strebeck seeks damages as well as costs and attorney's fees. *Id.*

On February 2, 2023, non-party, American Western Home Insurance Company ("American Western") (incorrectly named in Strebeck's petition as "American Modern Insurance Company") removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. [doc. #1].

On February 9, 2023, American Western filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). [doc. #8]. On March 2, 2023, Strebeck filed his opposition. [doc. #12]. On March 9, 2023, American Western filed its reply. [doc. #14].

On May 1, 2023, after review of the record, the undersigned noted that the parties appear to agree that the only named Defendant in the case—American Modern Insurance Company—does not exist. [doc. #19, p. 4]. Thus, non-party American Western is unable to allege the citizenship of the non-existent "American Modern Insurance Company," such that the Court can exercise diversity jurisdiction. Accordingly, the undersigned ordered that Strebeck must either seek leave to amend his complaint to substitute the correct party or parties or file a motion to remand to state court for lack of subject matter jurisdiction. *Id.*

On May 8, 2023, Strebeck filed a motion to amend his complaint to name American Western Home Insurance Company as Defendant. [doc. #20].

On June 1, 2023, American Western filed its opposition. [doc. #22]. Strebeck did not file a reply.

Accordingly, briefing is complete. This matter is ripe.

## Discussion

The Court may proceed only if subject matter jurisdiction is proper; thus, the undersigned will first consider Strebeck's motion to amend and substitute American Western as the proper Defendant.[2]

I.      *Strebeck's Motion to Amend*

Rule 15 of the Federal Rules of Civil Procedure provides that the court shall grant a party leave to amend its pleading "freely . . . when justice so requires." FED. R. CIV. P. 15(a)(2). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . . ." *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because Fed. R. Civ. P. 15 (a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

In deciding whether to grant a party leave to amend, the court considers the following factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v.*

---

[2]Although the Court lacks subject matter jurisdiction unless Strebeck is permitted to amend his complaint, the Court may still proceed with the Rule 15 analysis. *Aforigho v. Tape Products Co.*, 334 F.R.D. 86, 95 (S.D. Tex. Jan. 3, 2020) (citing *Boone v. Union Carbide Corp.*, 205 F. Supp. 2d 689, 694 (S.D. Tex. May 24, 2002) (holding that Rule 15(c)'s relation back doctrine "applies even when the court lacks subject matter jurisdiction over the claims in the original pleading")).

*Davis*, 371 U.S. 178, 182 (1962)).  Absent any of these factors, leave should be granted.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman*, 371 U.S. at 182).

American Western argues that amendment is futile because Strebeck's claims against American Western are untimely and do not relate back under Federal Rule of Civil Procedure 15(c).  [doc. #22, p. 4].

It appears uncontested that, absent relation back, Strebeck's amended claims are untimely. His insurance policy states that "[n]o action can be brought against [American Western] unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss."  [doc. #12-1, p. 52 ¶ 15].  *See Melendez v. Southern Fid. Ins. Co.*, 503 F. Supp. 3d 504, 510 (E.D. La. Nov. 25, 2020) ("In this case, the two-year period defined in the insurance policy within which to bring suits is controlling.").  According to Strebeck's petition for damages, the dates of loss are August 27, 2020, and October 9, 2020.  Thus, at the latest, Strebeck had until October 9, 2022, to timely file his claims against American Western. Strebeck filed his original petition for damages against the incorrect Defendant on August 19, 2022; he filed his motion to amend and substitute American Western as the correct Defendant on May 8, 2023.  Therefore, without relation back, his claims are untimely, and amendment is futile.

Accordingly, the undesigned must consider whether Strebeck's amended complaint relates back to his original petition.

"Under the doctrine of relation back, a complaint amended to add a new party, claim, or defense that arises out of the conduct, occurrence, or transaction alleged in a timely original pleading and that would otherwise be time-barred, may be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint."  *Ultraflo Corp. v. Pelican*

*Tank Parts, Inc.*, 926 F. Supp. 2d 935, 945–46 (S.D. Tex. Feb. 22, 2013) (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010)).

Federal Rule of Civil Procedure 15(c) governs the relation back of amended pleadings. The Rule provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A)   the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

American Western argues that Strebeck did not comply with the requirements of Federal Rule 4(m), and, therefore, it neither received notice of this action such that it will not be prejudiced in defending it on the merits, nor did it know or should have known that the action would have been brought against it but for Strebeck's mistake concerning the proper party's identity.[3]  [doc. #22, pp. 4–5].

---

[3] American Western does not appear to contest that Strebeck made a mistake concerning the proper party's identity.  Thus, the focus of the undersigned's analysis is on whether Strebeck complied with the requirements of Rule 4(m).  However, it is apparent that Strebeck simply misidentified the correct Defendant.   Strebeck's opposition to American Western's motion to dismiss demonstrates that the Policy contained the names of both American Modern Insurance Group *and*

Rule 4(m) requires a defendant to be served "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). "In most cases, this 'period starts to run upon removal to the federal district court, not the date the action was originated in state court.'" *Garcia v. Hoveround Corp.*, Civ. No. SA-22-cv-00911-XR, 2023 WL 1975375, at *3 (W.D. Tex. Feb. 13, 2023) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed. 2022)). However, for purposes of Rule 15(c)(1)(C), "the Rule 4(m) period begins when the *original* complaint is filed in state or federal court." *Id.* (citing *See Lee v. Airgas-Mid S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) ("Rule 15(c)(1)(C) looks to the Rule 4(m) period for serving the *original* complaint.") (citations omitted); *Mendez v. Jarden Corp.*, 503 F. App'x 930, 937 (11th Cir. 2013) (measuring the Rule 4(m) period from the time the *original* complaint was filed in state court); *Garvin v. City of Philadelphia*, 354 F.3d 215, 2020 (3d Cir. 2003) ("The parties to be brought in by amendment must have received notice of the institution of the action within 120 days[4] following the filing of the action...."); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995) ("[A]n amended complaint relates back to the original if the second and third criteria are fulfilled within 120 days of the filing of the *original* complaint....") (emphasis added)); *see also Goss v. Bureau Veritas N. Am., Inc.*, 21-cv-02574, 2022 WL 444477, at *4–5 (S.D. Tex. Feb. 14, 2022). "Because a notice of removal may be filed up to a year after an action's commencement, *see* 28 U.S.C. § 1446(c)(1), resetting the clock upon removal would allow relation-back long after claims are time-barred." *Id.* "As 'notice is the critical element involved in

---

American Western. [doc. #12, pp. 4–6]. While Strebeck attempted to serve American Modern Insurance *Company*, this was a misnomer that Rule 15(c) allows a party to cure. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

[4] Rule 4(m) was amended effective December 1, 2015, to reduce the 120-day time period for serving the complaint to 90 days, so case law prior to that date uses the longer time period.

Rule 15(c) determinations,' such a broad reading makes little sense." *Id.* (quoting *Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 273 (5th Cir. 1996)).

Nonetheless, if a plaintiff is able to establish good cause for failing to serve the defendant within the 90-day initial period, then the court must extend time for service. *Carr v. Spherion*, No. 08-0326, 2009 WL 3064721, at *6 (W.D. La. Aug. 17, 2009)) (citing *Millan v. USAA General Indent. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)), *R&R adopted in part*, 2009 WL 3064719 (W.D. La. Sept. 24, 2009). Rule 15(c)(1)(C) incorporates Rule 4(m)'s good cause extension. *Id.* (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)). Also, even in the absence of good cause, "the plain language of Rule 4(m)" confers the courts with discretionary authority to extend the time for service. *Id.*

As an initial matter, the undersigned agrees with Strebeck that there is an identity of interest between American Modern Insurance Group and American Western, such that, if Strebeck provided American Modern Insurance Group with notice during the Rule 4(m) period, the Court would infer that American Western was on notice at that same time. *See Garcia*, 2023 WL 1975375, at *4 ("The Court will infer notice if there is an identity of interest between the original defendant and the defendant sought to be added or substituted."). Thus, the only issues are whether American Modern Insurance Group or American Western were on notice of the suit during the Rule 4(m) period for service, and, if not, whether the Court should extend that period.

> A. *American Western and American Modern Insurance Group were not served or provided notice of the suit within the Rule 4(m) period.*

The Rule 4(m) period began on August 19, 2022—the date that Strebeck filed the petition in state court—and ended 90 days later, on November 17, 2022. Thus, before November 17, 2022, American Western must have: (1) received notice of the action such that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been

brought against it, but for a mistake concerning the proper party's identity. *See Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011) (To satisfy Rule 15(c), Plaintiffs had to show that, before the Rule 4(m) period lapsed, prospective defendant knew or should have known that the action would have been brought it against it, but for a mistake as to the proper party's identity.).

Strebeck contends that the Louisiana Secretary of State mailed service to "American Modern" on November 3, 2022, and that the company received service on November 7, 2022. [doc. #12, p. 11]. In support of his contention, Strebeck attached Exhibit B to his opposition to Defendants motion to dismiss. Exhibit B contains a printout of a United States Postal Service tracking webpage, and a screen grab from the Louisiana Secretary of State's website showing that notice was mailed to "American Modern Insurance Company" on November 3, 2022, at an address referenced throughout Strebeck's Policy. [doc. #12-2, pp. 1–3].

American Western argues this is insufficient for Strebeck to satisfy his burden of proof as to service. [doc. #14, pp. 4–5]. American Western points out that Strebeck has offered no support to authenticate his Exhibit B, nor "any explanation of the hearsay nature" of the document such that it "properly supports his contention that the Citation and Petition were actually delivered." *Id.* American Western cites *Kitchen v. Walk-On's Bistreaux & Bar*, No. 5:19-cv-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020), where Judge Doughty noted that "when service of process is challenged, the serving party bears the burden of proving the validity or good cause for failure to effect timely service." *Id.* (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

Additionally, American Western cites the affidavit of William Heeb, Technical Vice President of Claims with American Modern Insurance Group, Inc., who stated that no one at American Modern Insurance Group, Inc. or American Western was aware of Strebeck's lawsuit

until January 3, 2023, when a paralegal for Plaintiff's counsel called a representative of American Modern Insurance Group and claimed service of process was delivered on November 7, 2022. [doc. #1-6, pp. 1–2]. Heeb also states that "no one at either [American Modern Insurance Group, Inc. or American Western] ever received a copy of the Citation issued by the Sabine Parish Clerk of Court or a copy of the Petition underlying this civil action from the Louisiana Secretary of State." *Id.* at 2.

Furthermore, the screengrab from the Louisiana Secretary of State's website, as well as the Citation itself [doc. #1-5, p. 3], indicate that the Louisiana Secretary of State mailed notice to "American Modern Insurance Company," which Strebeck now concedes does not exist.[5]  In a letter dated August 31, 2022, the Louisiana Secretary of State informed Strebeck's counsel that it "does not have an insurance company by the name of American Modern Insurance Company" and asked that counsel "please provide this office with the proper name or domicile address."  [doc. #1-4, p. 1].  Nonetheless, counsel responded on October 31, 2022, and asked that the Louisiana Secretary of State serve "American Modern Insurance Company"—the *same named defendant* that the Secretary of State indicated it had no record of.  [doc. #1-5, p. 1].  And so, as counsel requested, the Secretary served "American Modern Insurance Company" rather than American Modern Insurance Group or American Western.

While service was addressed to a non-existent entity, the address counsel provided to the Secretary of State apparently belongs to American Modern Insurance Group's accounting department.  [doc. #12, p. 13].  However, given Heeb's affidavit that no one at American Western

---

[5] On May 1, 2023, the undersigned ordered that "if [Strebeck] agrees that American Modern Insurance Company does not exist, then he must file a motion to amend his complaint to substitute the correct parties or parties for the incorrectly named American Modern Insurance Company." [doc. #19, p. 3].  In response, Strebeck filed the instant motion for leave to amend; therefore, Strebeck appears to concede that American Modern Insurance Company does not exist.

or American Modern Insurance Group ever received a copy of the Citation nor a copy of the petition, the undersigned finds that American Western did not have notice of the suit until January 3, 2023, when counsel for Strebeck informed a representative of American Western about this action. Strebeck appears to acknowledge the same; in his opposition to American Western's motion to dismiss, Strebeck states that "American Western cannot legitimately claim that a formal amendment will unduly prejudice it, particularly **when it has known about this litigation since January 3, 2023** . . . ." [doc. #12, pp. 16–17]. While it may be Strebeck's position that American Western *should have known* about the litigation on November 7, 2022, the undersigned disagrees. At counsel's request, the Louisiana Secretary of State served a non-existent entity, even though counsel was aware that the Louisiana Secretary of State had no record of that entity. Furthermore, Strebeck has provided no case law suggesting that, on these facts, he satisfied Louisiana's service requirements. Accordingly, the undersigned finds that neither American Western nor American Modern Insurance Group had notice of the suit within the 90-day period contemplated by Rule 4(m).[6] Consequently, the Court must now determine whether the period for service should be extended.

### B. The Court exercises its discretionary authority to extend the period for service.

As discussed above, if a plaintiff can establish good cause for failing to serve the defendant within the initial 90-day period, then the court must extend time for service. *Millan*, 546 F.3d at 325. And, even in the absence of good cause, Rule 4(m) confers the court discretionary authority

---

[6] Strebeck has the burden of proof on the issue of relation back. *Goss*, 2022 WL 444477, at *5 (citing *Dodson v. Hillcrest Sec. Corp.*, 95 F.3d 52 (5th Cir. 1996)). Nonetheless, Strebeck only briefly addressed relation back in his motion for leave to amend and failed to file a reply brief addressing American Western's opposition. This comes despite the undersigned's May 1, 2023, order which made clear that Strebeck's opposition to American Western's motion to dismiss did not adequately address relation back. [doc. #19, p. 3, n. 2].

to extend the time for service. *Id.* When considering whether to exercise that discretionary authority, the Court must consider the applicable statute of limitations. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512–13 (5th Cir. 2013) ("If the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice."). "Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice." *Id.* (internal quotation marks omitted). Thus, what would essentially be a dismissal with prejudice is warranted only where there is a "clear record of delay or contumacious conduct by the plaintiff" or when at least one of three aggravating factors is present, "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan*, 546 F.3d at 325.

Here, Strebeck's amended complaint is time barred absent relation back; thus, if the undersigned denies leave to amend, it is unlikely that Strebeck can refile his suit against the proper Defendant. And, as discussed above, Strebeck cannot satisfy Rule 15(c)'s relation back requirement absent extension of the Rule 4(m) period for service. Consequently, if the undersigned declines to extend the period for service, Strebeck's claims would essentially be dismissed with prejudice. That outcome is unwarranted. As already recounted, counsel for Strebeck asked the Louisiana Secretary of State to serve the non-existent "American Modern Insurance Company" despite correspondence from the Secretary's office indicating that it had no record of any insurance company by that name. [docs. #1-4, p. 1; 1-5, p. 1]. While that was certainly an error, there is no indication that it was caused by Plaintiff himself (as opposed to his

attorney) or that any delay was caused by intentional or contumacious conduct.  In fact, counsel for Strebeck called American Western on January 3, 2023, to inform the company of this action. [doc. #8-1, p. 7].  Moreover, American Western has not shown any prejudice; even though it was not properly served, it removed this action to federal court and filed a motion to dismiss.  There is no indication its ability to prepare a defense will be hindered by an extension of time for service, particularly when it has been aware of this suit since January 3, 2023.

Accordingly, IT IS ORDERED that the period for service is extended thirty (30) days from the date of this Report & Recommendation.

Thus, having extended the Rule 4(m) period, the Court returns to the Rule 15(c)(1)(C) analysis.  It is manifest that American Western received notice of the instant action on January 3, 2023, within the now-extended period for service.  Therefore, the requirements of Rule 15(c)(1)(C) are satisfied.  *See Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968) ("Notice is the critical element involved in Rule 15(c) determinations."); *see also Ray v. Alexandria Mall, Through St. Paul Prop. & Liability Ins.*, 434 So.2d 1083, 1087 (La. 1983) (finding that amended complaint related back where plaintiff mistakenly named "Alexandria Mall" rather than "Alexandria Mall Company").  Thus, Strebeck's amended complaint relates back to the original complaint.  Accordingly, Strebeck's motion for leave to amend is GRANTED.

Consequently, the Court has subject matter jurisdiction; the parties are completely diverse, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

II.    *American Western's Motion to Dismiss*

American Western seeks dismissal of Strebeck's claims pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6).  [doc. #8-1, p. 6].  In support, American Western advances two

arguments: (1) Strebeck did not properly serve American Western; and (2) Strebeck's complaint does not state a plausible claim for relief. *Id.* at 10, 12. The Court will consider each argument.

    A.  *American Western is not entitled to dismissal for failure to properly serve.*

American Western seeks dismissal for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4) & (5). Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x. 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353) (internal quotation marks omitted). Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.* Rule 12(b)(4) also is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *International Fire and Safety, Inc. v. HC Services, Inc.*, Civ. Action No. 06-0063, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006).

Under Louisiana law, service of process on a foreign insurer, such as American Western, must be made upon the secretary of state. La. Rev. Stat. §§ 22:335. Furthermore, "citation and service thereof are essential in all civil actions," and "[w]ithout them all proceedings are absolutely null." La. Code Civ. P. art. 1201. A citation must be accompanied by a certified copy of the petition, and the citation must contain, *inter alia*, the title of the civil action and the name of the person to whom the citation is addressed. La. Code Civ. P. art. 1202. Without giving the proper name of a defendant to be served, the citation is defective. *See Tranchant v. State of Louisiana*, 5

So. 3d 832, 836 (La. 2009) ("For service to be requested and effectuated, the clerk must be provided with the correct name and address of those persons to be served.")

For the same reasons articulated in the undersigned's Rule 15(c) analysis, it is apparent that Strebeck has not perfected service on American Western.[7]  Nonetheless, the Court has exercised its discretion to extend the period for service thirty (30) days from the date of this Report & Recommendation.  In the interim, dismissal is not warranted.

### B.  American Western's 12(b)(6) motion should be denied at this time.

Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served."  *Landry v. Garber*, Civ. Action No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987).  Thus, the Court cannot reach American Western's 12(b)(6) motion unless American Western is properly served.  *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231–32 (5th Cir. 2012) (affirming district court decision to dispose of the personal jurisdiction issue and not reach the 12(b)(6) motion).

Accordingly, American Western's motion to dismiss for failure to state a claim should be denied at this time.

### Conclusion

---

[7] As discussed above, in the context of Rule 15(c), the Rule 4(m) period runs from the date that the original petition was filed in state court.  For purposes of American Western's motion to dismiss pursuant to Rule 12(b)(5), the Rule 4(m) period would run 90 days from the date of removal, February 2, 2023.  Thus, the deadline was May 3, 2023.  However, there is no indication that service was perfected by that date or any other.  Regardless, the undersigned has extended the period to perfect service.

For the foregoing reasons,

**IT IS ORDERED** Strebeck's motion for leave to amend [doc. #20] is GRANTED.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Report & Recommendation, Strebeck must perfect service upon American Western and file the return of service into the court record.

**IT IS FURTHER RECOMMENDED** that American Western's motion to dismiss [doc. #8], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 1st day of September, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

15